UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANY CULTURES, ONE MESSAGE, A Washington Unincorporated Association; RED STATE POLITICS, A Washington not-for-profit corporation, DBA Conservative Enthusiasts, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JIM CLEMENTS, Chair; DAVE SEABROOK, Vice Chair; JANE NOLAND; BARRY SEHLIN; JENNIFER JOLY, in Their Official Capacities as Officers and Members of the Washington State Public Disclosure Commission; DOUG ELLIS, in His Official Capacity as Interim Executive Director of the Washington State Public Disclosure Commission, <br><br> Defendants - Appellees. | No. 11-36008 <br><br> D.C. No. 3:10-cv-05253-KLS <br> U.S. District Court for Western Washington, Tacoma <br><br><br> ORDER |

Before:    W. FLETCHER and FISHER, Circuit Judges, and QUIST, Senior
           District Judge.[*]

_____

    [*]    The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

The memorandum disposition filed on February 4, 2013, is withdrawn and is replaced by the memorandum disposition filed concurrently with this order. With the original memorandum disposition withdrawn, we deem moot the petition for panel rehearing.

**IT IS SO ORDERED.**

FILED

NOT FOR PUBLICATION

MAR 28 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANY CULTURES, ONE MESSAGE, A Washington Unincorporated Association; RED STATE POLITICS, A Washington not-for-profit corporation, DBA Conservative Enthusiasts, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JIM CLEMENTS, Chair; DAVE SEABROOK, Vice Chair; JANE NOLAND; BARRY SEHLIN; JENNIFER JOLY, in Their Official Capacities as Officers and Members of the Washington State Public Disclosure Commission; DOUG ELLIS, in His Official Capacity as Interim Executive Director of the Washington State Public Disclosure Commission, <br><br> Defendants - Appellees. | No. 11-36008 <br><br> D.C. No. 3:10-cv-05253-KLS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 9, 2012
Seattle, Washington

Before:     W. FLETCHER and FISHER, Circuit Judges, and QUIST, Senior District Judge.[**]

Appellants Many Cultures, One Message ("MCOM"), and Conservative Enthusiasts (a.k.a. Red State Politics) appeal the district court's dismissal of their suit challenging as unconstitutional two portions of the Washington Revised Code, Wash. Rev. Code §§ 42.17.200 and 42.17.160. These two provisions of state law together require certain grassroots citizen-to-citizen lobbying organizations to register with the state and to disclose information about financial contributions they receive. The district court held that appellants lack Article III standing. In the alternative, it held that the statute was constitutional on its face and as applied. We affirm the district court's holding that both parties lack Article III standing to challenge the constitutionality of Washington's grassroots lobbying law.

To determine whether a party has sufficient injury to support Article III standing in the First Amendment context, we look to "whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting

---

[**]     The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

2

authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc); *see also Canatella v. California*, 304 F.3d 843, 854 n.14 (9th Cir. 2002) (looking to a party's "history" and "continuing activities" in the area, as well as to the "nature" of the party's legal challenge). "[P]laintiffs may carry their burden of establishing injury in fact when they provide adequate details about their intended speech." *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010), *cert. denied* 131 S. Ct. 2456 (May 16, 2011). "[T]he Constitution requires something more than a hypothetical intent to violate the law." *Thomas*, 220 F.3d at 1139.

Neither party here has standing to challenge the constitutionality of the Washington grassroots lobbying law because neither has demonstrated that it actually intends to undertake activities that come within the scope of the challenged statute. Conservative Enthusiasts has not provided evidence of concrete plans to pursue activities that qualify as grassroots lobbying under the statute, nor has it even identified specific areas of state policy advocacy in which it would like to engage.

MCOM has specified state legislation in the area of eminent domain about which it proposes to lobby, and has named specific activities it might undertake to

3

achieve those goals. But it has not demonstrated that it actually "intend[s]" to undertake these activities. *Lopez*, 630 F.3d at 787. MCOM admits that its website has been taken down and that it has not been holding regular meetings. Further, MCOM does not show sufficient "continued activities" in the area of eminent domain to support standing. *Canatella*, 304 F.3d at 854 n.14. To the extent that any lobbying on eminent domain has been undertaken in recent years, it has been performed by MCOM members as individuals, rather than in their organizational capacity. Most important, MCOM acknowledges that it has not actually decided whether to lobby the state; rather, MCOM's founder has filed this challenge "[b]ecause *if* we start lobbying the State, I don't want to be fined for not doing something" (emphasis added).

Because we affirm the district court's dismissal for lack of Article III standing, we do not reach appellants' other contentions. Because we affirm for lack of standing, we also "vacate the district court's order and remand with instructions to dismiss without prejudice." *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106 (9th Cir. 2006).

**AFFIRMED in part, VACATED, and REMANDED with instructions.**